IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eliseo Gomez, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12 cv 07396 |
| v. | ) Judge John Darrah |
| Dynamic Manufacturing, Inc., | ) Magistrate Judge Jeff Cole |
| | ) |
| Defendant. | ) Jury Demand |
| | ) |

**RESPONSE TO MOTION TO DISMISS**

Defendant answered the original complaint, which pleaded violations of the Family Medical and Leave Act. The amended complaint restated the FMLA claims and added counts under the Americans with Disabilities Act. Now defendant seeks a dismissal with prejudice under Rule 12(b)(6) of the FMLA claims, that it already answered, and seeks a dismissal of the ADA claims with prejudice, despite the fact that what it argues in its motion is incomplete pleading. The motion should be denied.

In considering a Rule 12(b)(6) motion, this Court must accept all well-pled facts in the first amended complaint as true, and view all allegations in the light most favorable to plaintiff. The motion should be granted only if plaintiff can prove no set of facts to support his claims. *Drebing v. Provo Group, Inc.,* 494 FS2d 910, 912 (N.D. Ill 2007). F.R.C.P. 8(a) requires plaintiff to make a statement of the claim showing that he is entitled to relief in order to "give defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964 (2007). *Twombly*, however, does require that the complaint state a claim that is "plausible on its face." Id., *and, see Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009).

One court in this Circuit has observed that although the Seventh Circuit has acknowledged that federal pleading standards have been "retooled," the court has generally declined to revisit previous

holdings and has adhered to the Rule 8 requirement of "fair notice." *Riley v. Vilsack*, 665 F. Supp. 2d 994 (D. Wis. 2009), *and, see, Bissessur v. Indiana University Bd. of Trustees*, 581 F3rd 599 (7th Cir. 2009); *Smith v Duffey*, 576 F.3d 336, 340 (7th Cir. 2009)(although *Iqbal* extended *Twombly* to all cases, *Iqbal* was "special in its own way.").

A general allegation of intent is sufficient. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 406-407 (7th Cir. 2010). While it is true that a lawsuit in federal court must state something more than conclusions to state a claim, *Twombly* and *Iqbal* do not require the statement of a cause of action. Rule 8 requires only that plaintiff herein provide fair notice of his claim by "giving enough details about the subject-matter of the case to present a story that holds together", *Swanson, supra*, 614 F.3d at 404; *and, see* general discussion on the practical effect of *Twombly* and *Iqbal* in pleading employment claims, *Green v. Scurto Cement Constr., Ltd.*, 820 F.Supp. 2d 854 (N.D. Ill. 2011, Shadur, J.)

The FMLA claim

Inadequate notice of employer's FMLA policies can support a claim for violation of the FMLA even where an employee's leave exceeds the twelve weeks leave mandated by statute. *Fry v. First Fidelity Bancorporation* __FSupp2d__, 3 BNA WH Cases 2d 115, 67 CCH EPD ¶ 43943 (E.D. Pa. 1996). Here it is undisputed that the notice sent out by defendant was in English, and plaintiff has no proficiency in English (compl. at par. 1; Exhibit A). U.S. Department of Labor regulations promulgated under the FMLA require that employer notice mandated under the Act be translated for employees who are not literate in English, in facilities where "an employer's workforce is comprised of a significant portion of workers who are not literate in English". 29 CFR §825.300(a)(4); and see, 29 CFR §825.300(c). The regulations require employers to translate all notices that address an employee's rights and responsibilities under the FMLA. Id.

Plaintiff's discovery to defendant has requested information as to the number of Spanish-speaking employees that worked where plaintiff worked.

The notice issue is important because Exhibit A to the Amended Complaint is difficult to follow for those literate in English, let alone those who are not. By this letter dated May 14, 2012 Dynamic advised plaintiff that he "no longer [had] the rights to reinstatement provided by the law." What made this confusing was that plaintiff was banned from returning to work because his FMLA leave had (according to the letter) already ended, but according to defendant, one day *after* the date of the letter. Then the letter stated plaintiff was put on unpaid "non-FMLA leave". The four bullet points that follow are confusing, as is much of the rest of Exhibit A, but there was a message in there that plaintiff could possibly return to work "when you are released."

Plaintiff in a matter of days produced medical confirmation that he could return to work and was advised that there was no work for him. The story being pleaded is that he was mysteriously denied reinstatement before his leave was over, and subjected to a pretextual follow-up with management within days of getting the confusing, English-only letter. At the pleading stage the Amended Complaint makes a plausible claim for violations of the FMLA.

The ADA Claims

Under the Americans with Disabilities Amendments Act ("ADAAA") Congress explicitly intended that the definition of disability be as broad as possible, and the amendment added these sections to §12102:

> (4)(A) The definition of disability in the Act shall be construed in favor of broad coverage of individuals under this Act, to the extent permitted by the terms of this Act
>
> (D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

Despite this sweeping language, defendant at the pleading stage maintains that any broken leg

as a matter of law is a temporary and non-chronic impairment. Defendant cites a case decided since the ADA was thus amended, *George v. TJX Companies, Inc*., __F.Supp.2d__, 2009 U.S. Dist. LEXIS 114940 (NOTICE, DESIGNATED AS NOT FOR PUBLICATION ON THE SLIP OPINION). George was decided on summary judgment, and virtually all of the cases relied upon to rule that a fractured right arm was not ADA-covered were handed down before the ADAAA was enacted. Defendant also cites *Zick v The Waterfront Commission of New York Harbor et al*, __FSupp2d__, 2012 U.S. Dist. LEXIS 144920, in which the court ignored any discussion of the impact of the ADAAA and decided against the plaintiff based on cases decided pre-ADAAA.

To the extent plaintiff is required to do so he can amend.

Conclusion

This case is at the pleading stage. The complaint is sufficient. Nevertheless plaintiff is ready and able to amend the complaint.

**WHEREFORE,** plaintiff prays that this Honorable Court deny the motion to dismiss and order that defendant answer the Amended Complaint. In the alternative, plaintiff should be permitted to amend his complaint.

ELISEO GOMEZ

    /s/ Burr E. Anderson____
    Burr E. Anderson, his attorney

Burr E. Anderson
Anderson Law Offices PC
223 W Jackson Blvd., Suite 1016
Chicago, Illinois   60606
(312) 957-1100
BurrAnderson@AndersonLawIL.com
atty# 3121649

**CERTIFICATE OF SERVICE**

      I, Burr E. Anderson, an attorney, do hereby certify that I caused a copy of the foregoing Response to Motion to Dismiss to be served upon the below-named individual by e-filing and first-class mail, deposit postage pre-paid, in the US mailbox located at 223 W Jackson., Chicago, Illinois on this 16th day of April 2013.

Craig R. Annunziata
Fisher & Phillips LLP
10 S. Wacker Dr.  Suite 3450
Chicago, IL  60606

_____

Burr E. Anderson