UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELISEO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-7396 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| DYNAMIC MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eliseo Gomez brings this action arising out of his former employer, Defendant

Dynamic Manufacturing, Inc. ("Dynamic"), alleging violations of the Family Medical and Leave

Act, 29 U.S.C. 2612, *et. seq*. ("FMLA"), and Title I of the Americans with Disabilities Act

("ADA"). Dynamic has moved to dismiss Gomez's First Amended Complaint for failure to state

a claim under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The following facts are drawn from Gomez's First Amended Complaint and are accepted

as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d

759, 763 (7th Cir. 2010). Gomez was employed as a laborer at Dynamic's facility in Melrose

Park, Illinois. He is a native Spanish-speaker who lacks proficiency in English. (FAC ¶ 1.) On

or about February 14, 2012, Gomez was attacked by a co-worker, sustained a leg fracture and

was hospitalized as a result. (*Id.* ¶ 5.) At the time of the attack, Gomez had worked for Dynamic

for more than 1,250 hours in the preceding twelve months and was eligible for and entitled to the

benefits and entitlements and protections conferred by the FMLA. Gomez began his FMLA

leave on February 21, 2012. (*Id.*)

By letter dated May 14, 2012, Dynamic notified Gomez of the termination of Gomez's FMLA leave.  (*Id.* ¶ 6.)  The letter, written in English and composed by Celina Manning of Dynamic's human resources department, stated in part that "this [FMLA] leave ended on May 15, 2012 and you no longer have the rights to reinstatement provided by that law."  The letter also advised Gomez that his doctor's return-to-work notice, dated May 14, 2012, was rejected because it asked for modified duty on a short-term basis and Dynamic could not "accommodate these restrictions at this time."  The letter further stated that although plaintiff's FMLA leave had already expired, he might be able to be hired back if he sought reinstatement on the first day "you are released to work."  (*Id.* ¶ 7.)

The following week (the actual date is not specified), Gomez went to Dynamic's facility and presented a return-to-work notification from his doctor that stated he was fit to return to work, without restrictions. (*Id.* ¶ 8.)  At that time, Gomez was advised by the plant manager that his position had been filled, there was no work for him, and that he was no longer employed by Dynamic.  (*Id.* ¶ 9.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint . . . ." *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007).  Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true,

and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, the plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *FMLA Claims*

Gomez has asserted two claims under the FMLA in his First Amended Complaint: a claim for interference (Count I) and a claim for retaliation (Count II). Dynamic argues that Gomez has failed to state a claim on either Count because Dynamic fully complied with its obligations under the FMLA when it provided Gomez with the requisite leave.

The FMLA provides that an eligible employee is "entitled to 12 workweeks of leave during any 12-month period" for specific reasons, including a serious health condition. 29 U.S.C. § 2612 (a)(1). Upon return from FMLA leave, an employee is entitled to be restored "to the position of employment held . . . when the leave commenced." 29 U.S.C. § 2614(a)(1)(A). However, if an employee is unable to "perform an essential function" of his job "because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214

3

(b).  Similarly, an employer has no responsibility to restore a person's job if the employee

exceeds the12-week period.  *See, e.g., Palao v. Fel-Pro, Inc.*, 117 F. Supp. 2d 764, 769 (N.D. Ill.

2000) (granting summary judgment as to the FMLA claim where it was undisputed that plaintiff

took more than 12 weeks of leave in a 12-month period); *Holmes v. E. Spire Communs., Inc.*,

135 F. Supp. 2d 657, 665 (D. Md. 2001) (same).

    To state a claim for either FMLA interference or retaliation, a plaintiff must necessarily

first establish that she was subject to the FMLA's protections.  *See, e.g., Righi v. SMC Corp.*,

632 F.3d 404, 408 (7th Cir. 2011) (identifying FMLA interference elements); *Ames v. Home

Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir.2011) (identifying FMLA retaliation elements).

In this case, it is undisputed that Dynamic provided Gomez with the 12-week sick leave, as

required by the FMLA.  It is also undisputed that Gomez was unable to return to his former

position on the day his FMLA leave ended, May 15, 2012.  According to his First Amended

Complaint, on May 14, 2012, Gomez provided Dynamic a doctor's note that requested modified

duty on a short-term basis.  (FAC ¶ 7.)  Likewise, in his Response, Gomez does not contest that

he was unable to perform his former position as of May 15, 2012.  When his 12-week leave

ended on May 15, 2012, Gomez was no longer subject to the FMLA's protections, and Dynamic

was not legally obligated to restore him to his former position.  Therefore, Gomez cannot state a

claim for either FMLA interference or retaliation.

    Faced with his own admissions, Gomez points to Dynamic's letter informing him that

after his FMLA leave ended on May 15, 2012, he would be placed on unpaid "non-FMLA leave"

and that he could possibly return to work "when you are released."  (Resp. at 3.)  Gomez argues

that this letter was in English, confusing and did not provide him with proper notice of his rights

under the FMLA.  But Gomez has not pleaded that Dynamic provided him with inadequate

notice of his FMLA rights in his First Amended Complaint; instead, he raises this claim for the first time in his Response brief. Tellingly, Gomez has not alleged in his First Amended Complaint that he did not know that his FMLA leave was limited to 12 weeks, that Dynamic did not inform him about his FMLA rights, or that he did not know he needed to return to work by May 15, 2012. Rather, he focuses on Dynamic's vague language about his post-FMLA leave employment possibilities.

Gomez cites one unpublished Eastern District of Pennsylvania case to support his argument that he can state a claim based on inadequate notice of FMLA policies even when the leave exceeds the 12 weeks: *Fry v. First Fidelity Bancorporation*, No. 95-6019, 11996 WL 36910 (E.D. Pa. Jan. 31, 1996). But *Fry* , apart from being an unpublished, out-of-circuit case with no precedential value, does not support Gomez's claim. In *Fry*, the employer had a policy of permitting its employees to take 4 weeks of leave in addition to the 12 weeks of FMLA leave; however, the employer failed to adequately notify the employee that if she took the full 16 weeks, she would forfeit the FMLA entitlement of being reinstated to her previous or a comparable position. *Id.* at *2-3. The plaintiff in *Fry* argued that her employer's misleading policy led her to believe that she would be entitled to FMLA's full protection at the end of 16 weeks. *Id.* at *12.

Gomez's situation is different than the *Fry* plaintiff. Dynamic specifically told Gomez that his FMLA leave ended on May 15, 2012; unlike *Fry*, he had no reason to believe that he would be entitled to FMLA protection after that date. Instead, Dynamic told him that he was being placed on unpaid non-FMLA leave and that he could possibly return to work when he was released. Even assuming that Dynamic's letter was vague and confusing about whether Gomez would have a job after his FMLA leave had ended, it is undisputed that Gomez was no longer

protected by the FMLA.  Consequently, Gomez cannot state a claim for FMLA interference or

retaliation against Dynamic and those claims must be dismissed under Rule 12(b)(6).

*ADA Claims*

Gomez has also asserted two claims under the ADA, for denial of a reasonable

accommodation and for unlawful termination.  Dynamic responds that Gomez's broken leg was

not a disability falling under the ADA.

The ADA prohibits certain employers from discriminating against a qualified individual

with a disability because of his or her disability.  42 U.S.C. § 12112(a).  To state a claim for

ADA discrimination, the plaintiff must allege the following:  (1) a disability under the ADA; (2)

he or she is qualified to perform the essential functions of the job either with or without

reasonable accommodation; and (3) he or she suffered from an adverse employment action

because of the disability or failed to make a reasonable accommodation.  *Kersting v. Wal-Mart*

*Stores, Inc*., 250 F.3d 1109, 1115 (7th Cir. 2001).

Thus, under the first prong, a plaintiff must allege that he is disabled within the meaning

of the ADA.  A plaintiff is disabled under the ADA if:  "1) she has a physical or mental

impairment that substantially limits one or more major life activities; 2) she has a record of such

an impairment; or 3) she is regarded as having such an impairment by her employer."  *Kampmier*

*v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007); 42 U.S.C. § 12102(2)(A).   In deciding

whether a plaintiff is disabled, a court considers "the nature and severity of the impairment, the

duration and expected duration of the impairment, and the permanent or long term impact or the

expected permanent or long term impact of or resulting from the impairment."  *Kampmier*, 472

F.3d at 938 (citing 29 C.F.R. 1630.2(j)(2)(i)-(iii); *Furnish v. SVI Sys.*, 270 F.3d 445, 451 (7th

Cir. 2001)).

In *Vande Zande v. Wisconsin Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995), the Seventh Circuit explained that "[i]ntermittent, episodic impairments are not disabilities, the standard example being a broken leg." *See also Ogborn v. United Food & Commercial Workers Union*, 305 F.3d 763, 767 (7th Cir. 2002). However, it is possible for a broken leg to rise to the level of a disability where it is so chronic and severe that it substantially limits the major life activity of walking. *See, e.g., Street v. Ingalls Memorial Hosp.*, No. 06-c-2963, 2008 WL 162761 (Jan. 17, 2008). "To be disable with regard to the major life activity of walking, the employee must be 'substantially limited' in her ability to walk, and the limitation must be permanent or long term, and considerable compared to the walking most people do in their daily lives." *EEOC v. Sears Roeburk & Co.*, 417 F.3d 789, 802 (7th Cir. 2005).

In this case, Gomez has not sufficiently alleged that his broken leg substantially limited a major life activity and that the limitation was permanent or long term. Rather, he has made only conclusory allegations that he was disabled by his broken leg. Furthermore, his own allegations belie that this was a long-term or permanent impairment, as he states that, shortly after he received the May 14, 2012 letter from Dynamic, he provided a doctor's note that he was cleared for work without restrictions. Therefore, it appears that Gomez was not disabled within the meaning of the ADA. His claims under the ADA must be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [20] is granted.

Plaintiff's First Amended Complaint is dismissed without prejudice. Plaintiff is granted leave to

amend his allegations, if he can do so pursuant to Rule 11(b), within thirty days of this Order.

The case is continued to August 20, 2013, at 9:30 a.m. for status.


Date:   June 27,  2013               _____
                                     JOHN W. DARRAH
                                     United States District Court Judge